## No. 833.

### Mrs. M. A. E. Batte & Husband vs. B. F. Reed, Guardian, et al.

Although there is no prayer in the petition for judgment for the value of the property set out therein, but only for damages for the loss of it and the value is alleged, it will be held sufficient to justify a judgment for the value when evidence of that value has been admitted without objection.

The appellee is in time if he files his answer to the appeal, praying amendment by an increase of damages within three days, excluding *dies non*, from the filing of the record, or if he file such answer three days before that fixed for the argument.

The seizing creditor is liable in damages to the third person whose property has been seized under his writ.

Where one sues to recover property and its fruits, he may not only demand the fruits then due, but also those to accrue after the institution of the suit up to the day of restitution.

Appeal from the District Court for Richland. Parsons, J.

*Cobb & Gunby* for Plaintiff. *Farmer* for Defendants Appellants.

Spencer, J., delivered the opinion amending the judgment.

## No. 949.

### S. W. Ramsey vs. John S. Post et al.

A purchaser of land cannot successfully resist the payment of his note for the purchase price by merely pleading that his title is null, when no danger of eviction has appeared, no threat of it made, and no apprehension of it is alleged.

Where the land was succession property, and the sale was by the administratrix thereof the purchaser cannot, after he has accepted the title and used the land for five years, attack the validity and existence of her representative capacity in the suit to enforce payment of the purchase price.

The signer of a title to land by authentic act will not be heard to disavow the recitals made by her in the title.

Appeal from the District Court for Union. Graham, J.

*Ramsey* for Plaintiff. *G. H. Ellis* for Defendants Appellants.

Manning, C. J., delivered the opinion affirming the judgment.